IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILMORT FRAISAR, BX-4081, )<br>         Petitioner,           )<br>                                          )<br>         v.                                )   2:09-cv-1695<br>                                          )<br>PENNSYLVANIA ATTORNEY )<br>GENERAL, et al.,              )  | |

MEMORANDUM and ORDER

Mitchell, M.J.:

     Wilmort Fraisar, an inmate at the State Correctional Institution at Somerset has presented a petition for a writ of habeas corpus for which he has paid the filing fee. For the reasons set forth below, the petition will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

     Fraisar is presently serving a four to twenty year sentence imposed upon his plea of guilty to charges of rape, statutory rape, involuntary deviate sexual intercourse and corruption of minors at Nos. CC 199107726 and CC 199111106 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 27, 1992.[1]

     The instant petition was received on December 28, 2009.  However, this is not the first federal challenge that the petitioner has directed at this conviction.  Fraisar filed a federal habeas corpus petition in this Court at No. 2:09-cv-10 challenging these same convictions.  In the latter case the petition was dismissed on March 2, 2009 on grounds of procedural bar and lack of merit.

---

[1] See: Petition at ¶¶ 1-6.

No appeal was pursued.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws.  As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing.  The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631.

An appropriate Order will be entered.

2

ORDER

AND NOW, this 26th day of January 2010, for the reasons set forth in the foregoing Memorandum, the petition of Wilmort Fraisar is transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 as a successive petition.

                                              s//Robert C. Mitchell,
                                              United States Magistrate Judge